UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

| | |
|---|---|
| DANIEL H. JONES,<br><br>    Plaintiff,<br><br>V.<br><br>COMMONWEALTH OF KENTUCKY, et al.,<br><br>    Defendant. | Civil Action No. 6: 18-96-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Daniel H. Jones is an inmate currently confined in the Turney Center Industrial Complex located in Only, Tennessee. Jones has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 1] and a motion to waive payment of the filing and administrative fees. [R. 3] The information contained in Jones's fee motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee. [R. 4] Because Jones has been granted pauper status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Jones's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Jones's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally

construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Jones names as Defendants the Commonwealth of Kentucky, Harlan County Circuit Judge Kent Hendrickson, and "Justices Acree, Nickell, Venters, Wright, Cunningham and Hughes" of the Kentucky Court of Appeals and the Kentucky Supreme Court. [R. 1] Although his allegations are not entirely clear, he generally claims violations of his "state and U.S. constitutional rights involving each defendants' act of gross-negligence as to a statutory need in protecting the plaintiff's best interest, seeking both immediate and permanent injunction, as well as a declaratory judgment with monetary compensation for the injuries sustained." [R. 1 at p. 1] He also references his rights under the Constitution of the State of Tennessee. [*Id.* at p. 2]

The majority of Jones's complaint generally accuses the defendants of gross negligence, acting with callous indifference and malicious intent, willfully violating legislation, and acting unprofessionally, without indicating the specific factual basis for these allegations. However, from what the Court is able to ascertain, it appears that Jones tendered a civil complaint to the Harlan Circuit Court in July 2017 "requesting, *inter alia*, a declaration of rights regarding a crucial piece of evidence; [doc.A-1], clearly negating his guilt involving a crime of rape. Here, plaintiff's indicia overwhelmingly shows a deliberate omission by the Commonwealth in neglecting this crucial evidence which 'could have' exculpated him in preventing a conviction and sentence to a term of Life w/o Parole." [*Id.* at p. 5]. Although it is not entirely clear, Jones's allegations suggest that his requests for relief were denied by the Harlan Circuit Court, as well as on appeal by the Kentucky Court of Appeals and the Kentucky Supreme Court. [*Id.* at p. 5-6]. Jones also indicates that, because of Defendants' actions, Tennessee's TBI Agency has retained him on its Sex

Offenders Registry. [*Id*. at p. 6] As relief, he seeks a declaration by this Court that Jones's due process rights have been violated, an injunction, and monetary damages. [*Id*. at p. 7-8]

A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, but it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). In addition, a federal district court has the authority to dismiss any complaint under Fed. R. Civ. P. 12(b)(1) "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)).

Here, Jones's complaint must be dismissed for failure to state a claim for which relief may be granted. First, Jones's complaint does not comply with Federal Rule of Procedure 8 because it does not contain "a short and plain statement of the claim showing that [he] is entitled to relief" and fails to include allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Indeed, the majority of Jones's complaint simply labels defendants' actions as "grossly negligent," "willful," "malicious," and "unprofessional," without providing any factual allegations supporting such conclusions. Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Moreover, Jones's complaint seeks to assert civil rights claims against the Commonwealth of Kentucky and various state judges based on decisions and rulings made during the course of

3

civil proceedings. However, Jones's claims against the Commonwealth of Kentucky are be barred by sovereign immunity, *see Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013). In addition, Jones's claims against the individual judges are clearly barred by judicial immunity.

Judges have long been entitled to absolute judicial immunity from tort claims arising out of their performance of functions integral to the judicial process. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Indeed, "judicial immunity is not overcome by allegations of bad faith or malice..." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Here, the judicial conduct alleged by Jones falls squarely within the individual judge's respective roles as trial and appellate judges. *See Huffer v. Bogen*, 503 F. App'x 455, 459 (6th Cir. 2012)("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity.")(quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Thus, each of the individual judges named as defendants are entitled to absolute judicial immunity against Jones's claims.

For all of the foregoing reasons, Jones's complaint fails to state a claim for which relief may be granted and will be dismissed.

Accordingly, it is hereby **ORDERED** as follows:

1. Jones's motion for leave to proceed *in forma pauperis* [R. 3] is **GRANTED** and payment of the filing and administrative fees is **WAIVED**.

2. Jones's complaint [R. 1] is **DISMISSED**.

3. All pending requests for relief, including Jones's Motion for Issuance of Summons [R. 7], are **DENIED AS MOOT**.

4. The Court will enter an appropriate judgment.

5. This action is **STRICKEN** from the Court's docket.

Dated May 30, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY